**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| FAZAL AHMAD ELYASI,<br>    "Petitioner," | §<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. 1:26-cv-00609 |
| WARDEN, Port Isabel Processing Center, *et al.*,<br>    "Respondents." | §<br>§<br>§<br>§<br>§ | |

## <u>TEMPORARY RESTRAINING ORDER</u>

Before the Court is "Petitioner's Emergency Motion For Temporary Restraining Order and Stay Of Removal Expedited Consideration Requested: Removal is Scheduled For June 11, 2026" (Dkt. No. 4) ("MTRO") and this Court's "Temporary Restraining Order" (Dkt. No. 5) ("TRO"). On June 11, 2026, the Court partially granted the MTRO to preserve the status quo while evaluating the factual and legal issues presented by the MTRO. Dkt. No. 5.

On June 15, 2026, Respondents filed a "Status Update" in compliance with the Court's TRO. Dkt. No. 6. Respondents contend that Petitioner cannot assert a fear-based claim under the Department of Homeland Security's ("DHS") guidance[1] regarding third country removal. *Id.* at 2. According to Respondents, the 2025 Guidance affords protection from removal only where (1) the Department of State has not obtained diplomatic assurances from the receiving third country that the alien will not be persecuted or tortured, or (2) any assurances received are deemed not credible. *Id.* at 2. Respondents maintain that because the Central African Republic has provided credible diplomatic assurances, Petitioner may be removed there without the need for further procedures. *Id.*

Respondents also represent that the Department of State's assessment of the Central African Republic's diplomatic assurances was confirmed through consultation "with agency counsel who works with the Department of State on third-country removals." *Id.* Yet

---

[1] In March 2025, the Secretary of Homeland Security issued a memorandum clarifying DHS policy regarding third country removals ("2025 Guidance"). Dkt. No. 6-1.

Respondents acknowledge that because of the limited time frame, Respondents did not provide a supporting declaration. *Id.*

The Court finds the existence and credibility of any diplomatic assurance material to its evaluation of Petitioner's statutory claims and Respondents' asserted authority to carry out removal to the Central African Republic. Accordingly, Respondents are **ORDERED** to file a declaration setting forth the Department of State's assessment of the diplomatic assurances provided by the Central African Republic.

In addition, to facilitate review of Petitioner's statutory claims, Respondents are **ORDERED** to submit supplemental briefing, addressing what efforts, if any, were undertaken to remove Petitioner to a country designated by Petitioner before beginning removal efforts to the Central African Republic. *See* 8 U.S.C. § 1231(b)(2)(A).

Respondents' declaration and supplemental briefing shall be filed no later than **July 2, 2026, at 3:00 p.m. CST.** Petitioner may file a response to Respondents' Status Update or supplemental briefing by the same deadline.

To preserve the status quo while offering the chance for further briefing and consideration, the Court's TRO (Dkt. No. 5) is hereby **EXTENDED** until **July 8, 2026**, or by Order of the Court.

Signed on this 17th day of June 2026.

Rolando Olvera
United States District Judge